[L. A. No. 1978.   Department Two.—February 24, 1908.]

## FIRST NATIONAL BANK OF REDLANDS, Appellant, v. GERTRUDE S. BOWERS, Respondent.

GUARANTY TO BANK—PERCENTAGE OF ALL DRAFTS BY FRUIT COMPANY —BILLS OF LADING—ORANGE SEASONS—EXPLANATORY EVIDENCE.— A guaranty by the defendant to a bank of ninety per cent of all drafts drawn thereupon by a fruit company, with bills of lading attached, during two orange seasons, is not so plain and unambiguous upon its face that evidence is not admissible in explanation of it.

ID.—SUFFICIENCY OF EXPLANATION.—SUPPORT OF VERDICT FOR DEFEND-ANT. — *Held*, that the explanatory evidence introduced by the defendant to show that the guaranty was not of ninety per cent of each draft drawn, but that the bank in allowing the fruit company to draw ninety per cent of each draft was to retain the surplus as a security fund to the end of each fruit season, and that she was only to be liable for ninety per cent of the face of all drafts drawn during the season, was sufficient, if believed by the jury, to support a verdict for the defendant.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Gregg & Surr, and J. S. Chapman, for Appellant.

Curtis & Curtis, and Hunsaker & Britt, for Respondent.

THE COURT.—The facts touching the controversy between these parties will be found elaborately set forth in the opinion of this court upon a former appeal. (*First National Bank* v. *Bowers*, 141 Cal. 253, [74 Pac. 856].) Upon the first trial the lower court construed the guaranty given by defendant to plaintiff as being so free from doubt as not to call for or permit the introduction of evidence touching the circumstances of its execution in explanation of it, and held, in accordance with the contention of defendant, that the guaranty of ''ninety per cent of the face of all drafts for oranges with bill of lading attached'' meant that such bills of lading as accompanied the drafts should have been transferred to the

bank by the Haight Fruit Company, so as to operate as a pledge of the oranges and as security for the benefit of the guarantor, and by such transfer to place the consignment under the absolute control of the bank and beyond the control of the fruit company; that this was a condition precedent to her liability under the guaranty, and not having been complied with, such liability never attached. (*First National Bank* v. *Bowers*, 141 Cal. 258, 259, [74 Pac. 856].) Upon appeal this court held that the wording of the guaranty was not so plain, unambiguous, and certain, as to have justified the court in refusing evidence explanatory of it.

A new trial was had before a jury and such evidence was introduced. The verdict of the jury, followed by the judgment of the court, was in favor of the defendant. Plaintiff's brief upon appeal is devoted in great part to an analysis and criticism of the evidence of the defense and to attacks upon the instructions given by the court. It would be impossible, within the limitations of a judicial opinion, to discuss these matters *seriatim*. Mrs. Bowers's plea and evidence were in accord with the construction which, as above stated, the trial court in the first instance put upon the instrument of guaranty. The testimony in effect was that it was represented to her by the president of the bank that the bill of lading operated to give the bank control of each shipment of oranges; that she had no knowledge that the fruit company could divert these shipments and obtain money for them as they did, notwithstanding the bill of lading held by the bank. She testified that the guaranty was drawn by one of the bank officials after presentation by her to that official of a form of guaranty prepared by her brother; that the form of guaranty prepared by her brother contained a provision whereby the bank, allowing the Haight Fruit Company to draw ninety per cent of the face of each draft, was to retain the surplus as a security fund to the end of the season, and that she was thus liable for only ninety per cent of the face of all drafts drawn during the season, and not for ninety per cent of the face of each and every draft; that the bank official, who prepared the guaranty which she actually signed, declared to her that it was in all essential particulars identical with that which she presented for his approval, and that under this representation she executed the guaranty in question. This evidence, believed

by the jury, as from their verdict it was, justifies the judg-
ment of the court, which judgment and the order denying
plaintiff's motion for a new trial are, therefore, affirmed.